BARRY v. SANDERS COMPANY, et al.

Division B. May 14, 1951.

No. 37965 (52 So. (2d) 493)

L. Arnold Pyle, for appellant.

658

Jas. H. Keyer and Lotterhos & Dunn, for appellees.

**Alexander, J.**

This action was brought under our Workmen's Compensation Law. Laws 1948, Chapter 354, as amended. Appellant was employed by the Sanders Company as a door-to-door salesman in the City of Natchez. He was paid on a commission basis, and used a truck belonging to his employer in which he carried supplies and merchandise. His duties involved both sales and the collection of accounts.

On August 17, 1949, appellant returned, after completion of his day's work, to the Magnolia Inn, where he resided. The time of his return was variously testified to as being between 7:15 p. m. and 9 p. m. Barry proceeded to his room, and drew a bath, preparatory to changing clothes and returning to town for supper. When the bath was finished, he heard a noise outside, such as would be made by someone tampering with the doors of the truck. Dressing hastily, he went downstairs to look into the matter, but finding no one he got in the truck and "drove around to see if I could see anybody that looked suspicious." Thereupon, he sought out a cafe to carry out his original purpose to eat supper.

Upon his return to the Magnolia Inn, he locked the truck and was proceeding to his room when he was set upon by two assailants who beat him into unconsciousness and ransacked his pockets, taking therefrom about fifty-five dollars.

Claim for compensation was filed against the employer and the Western Casualty & Surety Company, the insurer. The claim was denied by the attorney-referee and this

finding was approved by the commission, and from a judgment of affirmance by the circuit court this appeal is taken.

It will be at once perceived that the issue narrows beyond the requirement that the injury, if compensable, must arise "out of and in the course of employment" and is restricted in cases of personal assault, to injuries "directed against an employee because of his employment, while so employed and working on the job". Section 6998-02 (2), 5 Miss. Code Supp. p. 301, Laws 1948, c. 354, Sec. 2(2).

 Liability under the Workmen's Compensation Law is not to be adjudged by common law principles wherein negligence or wrongful act is a controlling factor. Yet the status of the employee as such at the time of the injury may be revealed by the light from our decisions which have supplied helpful analogies.

Let us take the theory most favorable to the case for appellant. Although his original claim omitted any reference to a purpose to seek out and solicit collection of a past due account owed his employer, such intent was later added to the original statement which included as objective for his nocturnal trip only a desire to detect those who had molested the doors of the truck and to procure a sandwich and a bottle of beer.

Illustrative of the common law cases are Richberger v. American Express Company, 73 Miss. 161, 18 So. 922, 31 L. R. A. 390, 55 Am. St. Rep. 522, where the agent or servant was held to have been acting in the course of his master's business when he cursed and abused a customer during the course of a dispute regarding the correct amount of express charges; Craft v. Magnolia Stores Company, 161 Miss. 756, 138 So. 405, where a store clerk made affidavit for search warrant to search for merchandise thought to have been stolen by a customer. It was held, on uncontradicted testimony, that it was a question of law, whether the clerk in seeking thus to protect his employer's goods was acting in the course of his employment.

He was held not so to have been; and in Delta Cotton Oil Company v. Elliott, 179 Miss. 200, 172 So. 737, 174 So. 550, the employee had the use of his employer's automobile for business purposes during business hours and thereafter was privileged to retain it for his personal use. About 10:30 p. m. he went to the freight office to procure a bill of lading for a shipment made by the employer. Upon his return to his home, he collided with the car of Elliott who brought suit against the employer for the resultant damages. The issue whether an employee, who, upon returning after work hours, from the freight depot to his home, was acting in the course of his employment was for the jury; S & W. Construction Company v. Bugge, 194 Miss. 822, 13 So. (2d) 645, 146 A. L. R. 1190, where an employee had taken home, after working hours, some business papers to compile. It was held that a desire to serve the master's business must appear to an appreciable extent. It was held that his status as an employee was suspended. This case is to be contrasted with Primos v. Gulfport Laundry & Cleaning Company, 157 Miss. 770, 128 So. 507, where the employee was engaged simultaneously in serving the purposes of himself and his employer.

We need not multiply such cases. It is enough that the issue whether appellant was assaulted "because of his employment, while so employed and working on the job" was a factual one for the decision of the commission, as was the credibility of the witnesses, some of whose statements are confused and contradicted.

The finding of the commission was based upon substantial testimony and is reasonable, and its affirmance by the circuit court was proper.

Affirmed.