**Phillip D. SEAL, Appellant,**

v.

**INDUSTRIAL ELECTRIC, INC.,**
**Appellee.**

**No. 22561.**

United States Court of Appeals
Fifth Circuit.

June 23, 1966.

Cornelius J. Ladner, Bay St. Louis, Miss., for appellant.

Charles R. Galloway, Gulfport, Miss., for appellee.

Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.

JONES, Circuit Judge.

The appellant, Phillip D. Seal, brought an action in a Mississippi state court against his employer, Industrial Electric, Inc. In his declaration he averred that he was assaulted, beaten and injured by Donald Strong, who was described as a foreman, agent and representative of the employer. In the declaration it was alleged that it was the duty of Industrial Electric to protect Seal from the assault of Strong while Seal was employed by it. Seal stated that the acts done were willfully and maliciously done and were without justification or provocation. Industrial Electric removed the cause to

the United States district court and filed a motion to dismiss on the ground that the exclusive remedy of Seal was under the Mississippi Workmen's Compensation Act. The motion was granted, the cause was dismissed and Seal has appealed.

In a reply brief Seal suggests that Industrial Electric has obtained some sort of a tactical advantage from the removal to the Federal court as a result of Federal procedural rules. Perhaps the Federal rules deny an advantage to Seal rather than confer one upon his adversary.

A removed case proceeds according to Federal procedural rules as though it had originally been commenced in the Federal court. Wright, Federal Courts 125 § 40. Affirmative defenses must be affirmatively pleaded. Rule 8(c) Fed.Rules Civ.Proc. 28 U.S.C.A. The action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Rule 12(b) Fed.Rules Civ.Proc. 28 U.S.C.A. Whether a particular matter is to be regarded as an affirmative defense is to be determined by state law. 1A Barron & Holtzoff (Wright ed.) § 279. It is the general rule that a complaint need not allege affirmatively that the action is not within the coverage of a compensation statute, but if the facts pleaded show that a claim for compensation is the exclusive remedy, the complaint is insufficient. 101 C.J.S. Workmen's Compensation § 949, p. 418. None of the decisions of the Mississippi Supreme Court are squarely in point. But there are decisions which furnish us with enough guidance to permit us to determine what, in our opinion, the Mississippi courts would hold.

In Barry v. Sanders Co., 211 Miss. 656, 52 So.2d 493, it was held that the issue as to whether an assault upon an employee is within the coverage of workmen's compensation is a question of fact. In Statham v. Blaine, 234 Miss. 649, 107 So.2d 93, 108 So.2d 213, the question of workmen's compensation coverage was treated as an affirmative defense. In Johnson v. Gulfport Laundry & Cleaning Company, 249 Miss. 11, 162 So.2d 859, the appellant sought to recover compensation benefits. It was held that she had the burden of showing that there was an injury which was covered by the Act.

From the cases cited and from the generally applicable rules, we reach the conclusion that in the absence of a presumption of coverage, and there is none here, the duty rests upon the party relying upon the coverage of the compensation Act to plead and prove the facts which establish coverage unless, of course, such facts are pleaded or otherwise admitted by the other party. We think the employer was required to assert as an affirmative defense that the assault upon the appellant was one which arose out of and in the course of employment within the coverage of the Mississippi Act, Miss.Code of 1942, § 6998–01 et seq. Concluding, as we do, that it was error to grant the motion to dismiss, the judgment of the district court is reversed and the cause remanded for further proceeding.

Reversed and remanded.