190 So.2d 450 (1966)
Mrs. Helen P. ELLIS, Dependent Widow of Fred Johnson Ellis, Deceased,
v.
ROSE OIL COMPANY OF DIXIE.
No. 44059.
Supreme Court of Mississippi.
September 27, 1966.
Suggestion of Error Overruled October 17, 1966.
Fountain D. Dawson, Greenville, for appellant.
Alben N. Hopkins, Daniel, Coker & Horton, Jackson, for appellee.
GILLESPIE, Presiding Justice:
Claimants are the widow and children of an employee who was shot to death while on the job. Claim was made under the Workmen's Compensation Act, and the Attorney Referee denied the claim. The full commission affirmed, and on appeal to the circuit court the order of the commission denying compensation was affirmed. We also affirm.
Claimants' decedent was having an affair with a married woman, and this was known to the woman's husband. The aggrieved husband went to the service station where claimants' decedent worked and shot and killed him. The proof clearly showed, and the triers of fact found, that the deceased was shot and killed because of "acts, actions and activities" which did not in any way arise out of his employment, and there was no causal connection between said fatal injuries and his employment. The death of the employee involved in this case arose in the course of his employment, but his death did not arise out his employment. We affirm on the authority of West Estate v. Southern Bell Telephone & Telegraph Company, 228 Miss. 890, 90 So.2d 1 (1956) and Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 55 So.2d 381 (1951). These cases are authority for the proposition that when an employee's death is caused by the willful act of a third person intending to injure him because of reasons personal to such third person and not because of the employee's employment, the death is not compensable.
The case of Watson v. National Burial Association, 234 Miss. 749, 107 So.2d 739 (1958), relied upon by appellant, is not in point, because the fatal assault on the employee in that case was not made by a third person but by a co-employee, and there was *451 no proof that the cause for the assault was something other than the employment.
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.