Phillip D. SEAL, Appellant,

v.

INDUSTRIAL ELECTRIC, INC., Appellee.

No. 24369.

United States Court of Appeals Fifth Circuit.

May 10, 1968.

---

Cornelius J. Ladner, Bay St. Louis, Miss., for appellant.

Charles R. Galloway, Eaton, Cottrell, Galloway & Lang, Gulfport, Miss., for appellee.

Before BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

PER CURIAM:

Now here for the second time, Seal v. Industrial Electric, Inc., 5 Cir., 1966, 362 F.2d 788, the employee seeks reversal of summary judgment for the employer based on uncontradicted affidavits which showed conclusively that the employer was covered by, and its exclusive liability was under, the Workmen's Compensation Act of Mississippi. Miss. Code 1942, §§ 6998–01 et seq., 6998–05. The briefs and argument demonstrate that there is no merit in the appeal, and the Court therefore directed affirmance from the bench. See Newark Insurance Co. v. Lewis, 5 Cir., 1968, 394 F.2d 618; Gerber v. Stoltenberg, 5 Cir., 1968, 394 F.2d 179.

In doing so we would, however, emphasize that in view of the express positions successfully taken below and here by the employer, it cannot hereafter challenge the applicability of the Workmen's Compensation Act if claim for benefits is timely filed within the period of time extended by § 6998–18(c) beginning with the date of this order-opinion since recovery has been denied "on the ground that such person was an employee and that the defendant was an employer within the meaning of this act * * *" and had complied with it.

Affirmed.