HOME HEALTH SERVICES,
INC., Plaintiff,

v.

Alton B. CURRIE, Jr., M.D., Defendant.

Civ. A. No. 80–1768–3.

United States District Court,
D. South Carolina
Charleston Division.

Jan. 25, 1982.

---

William L. Runyon, Jr., Charleston, S. C., for plaintiff.

John P. Linton, T. Dewey Wise, Charleston, S. C., for defendant.

## ORDER

BLATT, District Judge.

This matter is before the court on defendant's motion to dismiss plaintiff's action for failure to state a claim upon which relief can be granted under Fed.R.Civ.Pro. 12(b)(6) or, alternatively, for summary judgment under Fed.R.Civ.Pro. 56(b); the legal memoranda of the parties on this issue were supplemented by oral arguments during a motion hearing conducted on December 3, 1981. Plaintiff, an accredited provider of "home health services" as defined by 42 U.S.C. § 1395x(m), brought suit in the Court of Common Pleas for the Ninth Judicial Circuit, Charleston, South Carolina, on September 2, 1980, alleging that defendant's refusal to deal with plaintiff gave rise to an implied cause of action for violation of 42 U.S.C. § 1395a. Defendant removed the action in a timely manner, *see* 28 U.S.C. § 1446(b), based on the existence of a federal question under 28 U.S.C. §§ 1331(a) and 1441(a); the propriety of this removal has not been challenged by plaintiff.

## JURISDICTIONAL ISSUES

Despite plaintiff's failure to question defendant's removal of this case, defects in the court's subject matter jurisdiction cannot be waived and can be raised by either party, or by the court *sua sponte*, at any stage of the litigation. *E.g., American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979). Defendant removed the case under 28 U.S.C. § 1441, which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 23 U.S.C. § 1441(b). The general rule requires that the federal question must constitute an "essential element" of the plaintiff's claim. *E.g., Gully v. First Nat. Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40 (4th Cir. 1973). "[A]n action arises under federal law only if it 'really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends.'" *Id.* at 44, *quoting Shultis v. McDougal*, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912). As stated by Professor Wright, a federal question is present when plaintiff's claim is

"supported under one construction of federal law and defeated under another." 14 C. Wright & A. Miller, Federal Prac. & Pro. § 3722 at 549 (1976). In the present case, the gravamen of plaintiff's action is the "violation of 42 U.S.C.S. sec 1395(a) . . . ," Complaint at 1; there can be little doubt that a federal question constitutes an essential element of the asserted claim. *See, e.g., Seneca Nursing Home v. Kansas State Board of Social Welfare*, 490 F.2d 1324 (10th Cir. 1974); *Burgess v. Charlottesville Sav. & Loan Ass'n.*, 477 F.2d 40 (4th Cir. 1973).

■ At first glance, defendant's basis for removing the claim, the existence of a federal question, is ostensibly inconsistent with his basis for moving to dismiss the case, the failure to state a claim on which relief can be granted. Upon closer examination, however, any incongruity between these two positions disappears. The test for determining the existence of a federal question under 28 U.S.C. §§ 1331 and 1441 and the test for determining the existence of a viable claim under Fed.R.Civ.Pro. 12(b)(6) and 56(b) are entirely separate and distinct. Plaintiff has attempted to state a federal claim under 42 U.S.C. § 1395a; defendant has acknowledged the federal nature of this asserted claim while challenging its validity." Clearly, after a case is removed, "[t]he action may be dismissed if the complaint fails to state a claim upon which relief can be granted." *Seal v. Industrial Elec., Inc.*, 362 F.2d 788, 789 (5th Cir. 1966), *appeal on remand*, 395 F.2d 214 (5th Cir. 1968). The question of whether plaintiff has stated a claim under Fed.R.Civ.Pro. 12(b)(6) has no effect on the question of whether the claim that plaintiff has attempted to state raises issues of federal law. Thus, the present case falls within the subject matter jurisdiction of this court under 28 U.S.C. §§ 1331 and 1441.

## EXISTENCE OF IMPLIED CAUSE OF ACTION UNDER 42 U.S.C. § 1395a

As previously indicated, the gravamen of plaintiff's complaint is the violation of 42 U.S.C. § 1395a. That section provides:

Any individual entitled to insurance benefits under this subchapter may obtain health services from any institution, agency, or person qualified to participate under this subchapter if such institution, agency, or person undertakes to provide him such services.

42 U.S.C. § 1395a. Plaintiff maintains that defendant's alleged refusal to allow his patients to deal with plaintiff constitutes a violation of the patients' rights under § 1395a and, consequently, gives rise to an implied cause of action on their behalf that can be asserted by plaintiff.

Plaintiff concedes that no private cause of action is expressly provided for by the statute or by any of the related provisions; rather, plaintiff asserts an implied right of action. In order to determine if a private right of action can be predicated upon the violation of § 1395a by plaintiff, this court is guided by the principles set forth by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and the court's application of those principles in subsequent decisions. *E.g., Middlesex City Sewer Authority v. National Sea Clammers Ass'n.*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *California v. Sierra Club*, 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979).

■ In *Cort v. Ash*, the Supreme Court set out four criteria for determining when a private cause of action can be inferred from a federal statute.

First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," . . . that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappro-

priate to infer a cause of action based solely on Federal law?

422 U.S. at 78, 95 S.Ct. at 2088 (emphasis in original) (citations omitted). The criteria set out in *Cort* are subservient to the ultimate question of whether Congress intended to create a private right of action by the plaintiff. "The ultimate question is one of congressional intent, not one of whether this court thinks that it can improve upon the statutory scheme that Congress enacted into law." *Touche Ross & Co. v. Redington*, 442 U.S. at 568, 578, 99 S.Ct. at 2485, 2490.

The Fourth Circuit Court of Appeals has been chary of private causes of action based upon the violation of a Federal statute. In *Stern v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 603 F.2d 1073 (4th Cir. 1979), the court observed that the *Cort* decision gave a

> very precise statement of who might qualify and who might not qualify as a statutory beneficiary under this doctrine of a federal implied right or action. To qualify as a statutory beneficiary for whom a private action may be implied, it is not enough that the plaintiff "has a financial stake in the outcome of the case" or "is at least an incidental beneficiary" or is "secondarily benefitted", or that his protection is a secondary or a "subsidiary" purpose of the statute. The requirement of Cort was specific: protection and benefit of the party seeking such action must be the "primary congressional goal" of the statute, or, as another has stated it, "the plaintiff must be the 'primary' beneficiary of the statute."

603 F.2d at 1086. In *Stern*, the court determined that no private cause of action existed for violation of Section 7 of the Securities and Exchange Act of 1934. Similarly, the court has recently held that carriers may not bring a private right of action under Section 18 of the Shipping Act, 46 U.S.C.A. 817. *Roco Worldwide, Inc. v. Constellation Navigation*, 660 F.2d 992 (4th Cir. 1981).

In *Perry v. Housing Authority of the City of Charleston*, 486 F.Supp. 498 (D.S.C.1980), the plaintiffs included four families residing in a public housing project which was financed pursuant to the United States Housing Act of 1937, 42 U.S.C. § 1437. Plaintiffs urged that the court recognize an implied right of action against the Housing Authority of the City of Charleston for violation of certain statutory provisions. On appeal, the Fourth Circuit Court of Appeals held that no private right of action was stated. The court concluded that, while the plaintiffs were "indirect recipients of federal largess", the plaintiffs were not the special class for whose benefit the statute was passed. *Perry v. Housing Authority*, 664 F.2d 1210, 1213 (4th Cir. 1981). That court concluded that the statute was passed for the general welfare and health of the nation and States, and, the court concluded that there was no indication in the legislative history that Congress intended to create "in public housing tenants a federal right of action against their municipal landlords ..., *id.*; "[w]hen Congress is silent there is no presumption in favor of a legislatively created cause of action." *Id.* The court also analyzed the third and fourth criteria set out in the *Cort* decision, observing that landlord and tenant relationships were ones which were peculiarly State oriented and noting the inappropriateness of assuming that Congress intended to create a private right of action in the tenants.

In applying the *Cort* criteria, as clarified in subsequent Supreme Court decisions and as applied by the Fourth Circuit Court of Appeals, to the present claim, it is readily apparent that plaintiff does not have a private cause of action for violation of Section 1395a. First, the statute was obviously not enacted primarily for the benefit of the provider of services, but rather for the recipients of medical care benefits. As noted by the Fourth Circuit Court of Appeals in *Perry* in discussing the special class requirement as applied to plaintiffs' assertion that the Housing Authority Act gave the tenants a private cause of action: "Clearly the special class could not be contractors, developers, or service organization" *Perry v. Housing Authority*, 664 F.2d 1210, 1213 n.8 (4th Cir. Nov. 24, 1981). Under 42 U.S.C.

§ 1395a, the special class that Congress sought to protect were the Medicare recipients themselves, not the providers.

Plaintiff also fails to satisfy the second requirement of *Cort* concerning the legislative intent to create a remedy. In *Perry*, the court concluded that legislative intent to create a private cause of action would not be presumed. There is nothing in the legislative history of the present Medicare statute which evidences any intention on the part of Congress to create a private cause of action; moreover, 42 U.S.C. § 1395, the first section in the subchapter dealing with health insurance for the aged and disabled, specifically states that:

> Nothing in this subchapter shall be construed to authorize any Federal officer or employee to exercise any supervision or control over the practice of medicine or the manner in which medical services are provided, or over the selection, tenure, or compensation of any officer or employee of any institution, agency, or person providing health services; or to exercise any supervision or control over the administration or operation of any such institution, agency, or person.

Finally, the third *Cort* criterion, concerning the underlying purpose of the statute, also does not support plaintiff's claim. The statutory scheme was not designed to interfere with the doctor-patient relationship at the behest of a provider of services; 42 U.S.C. § 1395 indicates an affirmative legislative intention to prohibit the private remedy advanced by plaintiff. Clearly, the general principles enunciated by the Supreme Court in *Cort v. Ash* militate strongly against the present case.

While plaintiff concedes that there is no decisional law directly supporting the implication of a private cause of action on its behalf under 42 U.S.C. § 1395a, considerable reliance has been placed on *Seneca Nursing Home v. Kansas State Board of Social Welfare*, 490 F.2d 1324 (10th Cir. 1974). However, *Seneca* is clearly distinguishable from the present case. First the court in *Seneca* was concerned with the interpretation of 42 U.S.C. §§ 1396a(a)(23) and (30) rather than 42 U.S.C. § 1395a. Second, the court in *Seneca* was concerned merely with jurisdictional issues and not the existence of an implied cause of action under those sections of the Social Security Act. "We express no view on the merits of such claims ... beyond saying that they are not so wholly insubstantial that federal jurisdiction does not exist .... We conclude that the claims made could not be dismissed as obviously without merit and defective as a jurisdictional base." *Seneca Nursing Home v. Kansas State Board of Social Welfare*, 490 F.2d 1324, 1328 (10th Cir. 1974). Finally, to the extent that plaintiff seeks to draw inferences from *Seneca* concerning the merits of the claims asserted therein under 42 U.S.C. §§ 1396a(a)(23) and (30), the factual differences between that case and the present one are significant. Although plaintiffs in both cases are attempting to assert freedom-of-choice rights granted to social security or Medicare recipients by federal statute, the plaintiffs in *Seneca* were seeking payments for patients already institutionalized in the nursing homes, while the plaintiff here is seeking relief for patients who have never utilized its services. Thus, this court does not view *Seneca* as dispositive of the issues presently before it.

## CONCLUSION

For the foregoing reasons, the court holds that, under the principles articulated in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) and its progeny, a private cause of action assertable by plaintiff cannot be implied under 42 U.S.C. § 1395a. "Only a cave dweller ... would not realize that there has been a remarkable change of attitude by the Supreme Court regarding the inference of private rights of action in the last fifteen years." *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074, 1088 (5th Cir. 1980) (Goldberg, J., dissenting). It should be emphasized, however, that this conclusion is based on the application of *Cort* to plaintiff as a provider of home health care services; this court expresses no opinion on the question of whether a private cause of action in

favor of the Medicare recipients themselves could be implied under 42 U.S.C. § 1395a. Therefore, the cause herein is dismissed, with each party to bear its own costs.

AND IT IS SO ORDERED.