## Sharon WILLIAMS, Plaintiff-Appellee,

v.

## MUNFORD, INC., d/b/a Majik Markets, Defendant-Appellant.

### No. 82-4142
### Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 26, 1982.

Donald V. Burch, Roger C. Clapp, Jackson, Miss., for defendant-appellant.

Al N. Hopkins, Lisa P. Dodson, Gulfport, Miss., for plaintiff-appellee.

Before GEE, RUBIN and POLITZ, Circuit Judges.

GEE, Circuit Judge:

The appellee, an eighteen-year-old convenience store clerk, was overpowered and raped in the course of a store robbery. On her factual allegations—which we take as true for purposes of passing on this appeal from denial of a motion to dismiss—this cowardly and vicious assault took place at 4:00 a. m., in a high-crime area of Gulfport. The store had been frequently robbed, with concomitant injuries to other clerks, but despite these incidents had been provided neither security devices, guards, or other safeguards of any kind. Appellee had no key to lock doors and was forbidden to keep a weapon.

She sued her employer in tort. Her arguments, which we consider below, prevailed so far with the district judge as to cause him to deny a motion to dismiss, one grounded in the "coverage" and "bar" provisions of the Mississippi workers' compensation laws. A federal court sitting in diversity, in such a case as this our duty is to carry out the policy choices enacted by the Mississippi Legislature in its compensation laws, even as a Mississippi court should do.

What has Mississippi said? Of this, there can be little doubt. Such suits against employers as that of Ms. Williams are barred [1] if they concern an injury arising out of and in the course of the employment. Such an injury is defined as:

> "Injury" means accidental injury or accidental death arising out of and in the course of employment, and ... includes

---

1. Miss.Code Ann. § 71-3-9 (1972), provides that a participating employer's liability to pay compensation is exclusive and preempts all other claims and remedies.

an injury caused by the willful act of a third person directed against an employee because of his employment while so employed and working on the job.

Miss.Code Ann. § 71–3–3 (Supp.1981) (the "Act").

Generally, Mississippi courts have interpreted the above-quoted language broadly, finding coverage so long as three criteria are met: (1) the injury occurred within the time frame of employment; (2) the employee was within the spatial area required by employment at the time of injury; and (3) there existed a causal connection between the activity causing injury and the interests of the employer. *See Big "2" Engine Rebuilders v. Freeman*, 379 So.2d 888 (Miss. 1980).

Appellee Williams asserts that the act of rape breaks the causal connection required by element (3) above and thus that her injury occurred outside the scope of employment. This legal theory suggests that an employer's liability is conditioned by the type of tort inflicted upon an employee by a third person. While no Mississippi court has expressly rejected appellee's legal theory, the Mississippi Supreme Court has taken a decidedly different approach to the determination of liability under the Act:

> [T]he test of recovery is not a causal relation between the nature of employment of the injured person and the accident. Nor is it necessary that the employee be engaged at the time of the injury in activity of benefit to his employer. *All that is required is that the "obligations or conditions" of employment create a "zone of special danger" out of which the injury arose.*

*Brookhaven Steam Laundry v. Watts*, 214 Miss. 569, 55 So.2d 381, 392 (1951), *rev'd in part and aff'd in part on rehearing*, 214 Miss. 569, 59 So.2d 294 (1952) (citation omitted, emphasis supplied). The general rule that emerges from the above-underscored language is that an employer's liability under the Act is not determined by the type of tort inflicted upon an employee but rather is determined by whether the injury arose as a result of a risk created by employment

conditions. *See Bivens v. Marshall R. Young Drilling Co.*, 251 Miss. 261, 169 So.2d 446 (1964). Absent this specific causal connection, no Mississippi court has ever found employer liability for compensation. Such a connection and such liability are plainly present here.

Williams argues, however, that the present case lacks the specific causal connection required by the Act and relies heavily on *Ellis v. Rose Oil Co.*, 190 So.2d 450 (Miss.1966); *Estate of West v. Southern Bell Telephone & Telegraph Co.*, 228 Miss. 890, 90 So.2d 1 (Miss.1956), and *Brookhaven Steam Laundry v. Watts, supra*, in support of this proposition. This reliance, however, is misplaced. In each of the above-cited cases the court found that the injury was occasioned by an antecedent personal vendetta totally extraneous to the work environment and thus was not compensable within the terms of the Act.

The analysis of the *Ellis* court confirms this reasoning:

> The death of the employee involved in this case arose in the course of his employment, but his death did not arise out [of] his employment. We affirm on the authority of *West Estate v. Southern Bell Telephone and Telegraph Company* and *Brookhaven Steam Laundry v. Watts*. These cases are authority for the proposition that when an employee's death is caused by the willful act of a third person intending to injure him because of reasons personal to such third person and not because of the employee's employment, the death is not compensable.

190 So.2d at 450 (citations omitted). The legal theory informing the *Ellis* court's reasoning is that when an intentional tort is committed by a third person on the employment premises for reasons personal to the employee and such a third person—reasons unrelated to the obligations or conditions of employment—the injury cannot be said to occur within the zone of risks created by the employment relationship. The Mississippi Supreme Court has stated that such a tort must fall outside of the employment relationship (and outside the scope of the

Act) because the premises of employment merely provide a stage for the vindication of a personal vendetta. *Big "2" Engine Rebuilders v. Freeman, supra.* The crux of that court's reasoning is that a tort based upon a relationship created outside of the employment environment can be "as easily committed at the place of employment as elsewhere" and cannot be fairly said to have come about as a result of conditions created by the employer. 379 So.2d at 891.

On the facts of this case, no personal vendetta was imported to the place of employment. While it is inconceivable that Williams assumed the risk of such an assault, it is undeniable that employment conditions created a "zone of risks" out of which the rape emerged. Mississippi courts have made clear that in the case where an employee is injured as a consequence of conditions brought about by risks of the work environment, that employee may bring suit against the employer only under the terms of the compensation act. This is such a case.

Appellee also advanced the theory that her injuries resulted from a breach of contract by her employer—one to furnish her a safe place to work—adding that this breach was, in view of the prior robberies and the failure to furnish safeguards, so callous and reckless an action as to amount to an intentional tort. For several reasons, we cannot accept these contentions.

In the first place, as a matter of reason acceptance of them would go far to circumvent the entire policy of the Mississippi compensation plan, a policy to provide scheduled compensation for job-related injuries in exchange for withdrawing all other remedies for them. It is patent, for example, that suits for many such injuries could be cast in the form of actions for breach of implied contract and, given the prospect of larger recoveries, many would be were that option available. In the second place, as a matter of authority, the Mississippi courts have steadfastly rejected similar attempts to endrun the compensation system and have done so in sweeping terms. In *Brown v. Estess,* 374 So.2d 241 (Miss.1979), for example, the beneficiaries of a deceased employee brought a wrongful death action against corporate officers, asserting that their negligence had caused his death. The Mississippi Supreme Court, in a unanimous opinion, held:

It is this Court's opinion that the purpose, spirit and philosophy of the Workmen's Compensation Act is to make compensation the exclusive remedy of the employee where he is injured by the employer or any of its employees during the course of his employment.

Our holding in *McCluskey* [*v. Thompson,* 363 So.2d 256 (Miss.1978)] prohibited recovery by an injured employee against his fellow employee; and, we are unable to draw a distinction between fellow employees and a corporate officer such as a general manager as was Estess. We do not believe that the legislature intended that officers or agents conducting the business of the employer were to be treated any differently than other fellow employees.

To hold otherwise would, in a large measure, defeat the very purposes for which our Workmen's Compensation Act was enacted. Instead of transferring from the worker to the industry or business in which he is employed and then ultimately to the consuming public, a greater proportion of the economic loss due to accidents sustained by him arising out and in the course of his employment would, under the provisions for subrogation contained in our Workmen's Compensation Act, Mississippi Code Annotated section 71–3–71 (1972), be transferred to those conducting the business of the employer to the extent of their solvency. There is no logical reason why this class of persons should underwrite the economic loss.

374 So.2d at 242–43.

Nor have attempts to carve out an "intentional tort" exception for work-related injuries fared better. In *Rico v. Precision Engineering & Manufacturing Co.,* 381 So.2d 170 (Miss.1980), a supervisor deliberately broke into an employee's personal tool

box, left on the employer's premises. Claiming emotional injury at viewing the rifled box, the employee sued in trespass. A unanimous court ruled that since whatever injuries he suffered arose out of the course of Rico's employment, his exclusive remedy was under the compensation act.

Appellee attempts to distinguish the above authorities by pointing out that neither involved such an intentional tort inflicted *by a third person* as is present here. This is, however, no distinction: we have already determined that the injury in question is one covered by the compensation plan. That being true, we are unable to see how the fact that it was caused by a third person signifies; the principles concerned are the same.

Appellant's motion to dismiss should have been and now is granted, with judgment for appellant.

REVERSED.