706 F.2d 497
 11 Ed. Law Rep. 72, 2 Soc.Sec.Rep.Ser. 39
 HOME HEALTH SERVICES, INC., Appellant,
v.
Alton B. CURRIE, Jr., M.D., Appellee.
HOME HEALTH SERVICES, INC., Appellant,
v.
MEDICAL UNIVERSITY OF SOUTH CAROLINA, William Knisely,
Gilbert Bradham, John Wise, Virginia Bickley, Marion
Woodbury, each individually and in their capacities as
agents, officers and/or employees, Appellees.
 Nos. 82-1195(L), 82-1211.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 14, 1983.
Decided May 17, 1983.
 
 Arnold Bruce Strauch, Charleston, S.C. (William L. Runyon, Jr., Charleston, S.C., on brief), for appellant.
 Morris D. Rosen, Charleston, S.C. (Rosen, Oberman & Rosen; John P. Linton, Sinkler Gibbs & Simons, Charleston, S.C., on brief), for appellees.
 Before WINTER, Chief Judge, WIDENER, Circuit Judge, and FIELD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Home Health Services, Inc. (Home Health), an accredited provider of "home health services" as that term is defined in 42 U.S.C. Sec. 1395x(m), alleges in two cases consolidated for appeal that Alton B. Currie, Jr., M.D., and the Medical University of South Carolina together with various of its individual agents, officers, and/or employees (MUSC), violated 42 U.S.C. Sec. 1395a, and that Home Health is entitled to relief under this statute. The United States District Court for the District of South Carolina dismissed the two cases, finding that Home Health has no implied cause of action under 42 U.S.C. Sec. 1395a. We affirm. 531 F.Supp. 476.
 
 
 2
 The gravamen of Home Health's complaint is the alleged violation by Currie and MUSC of 42 U.S.C. Sec. 1395a. This statute provides as follows:
 
 
 3
 Any individual entitled to insurance benefits under this subchapter may obtain health services from any institution, agency, or person qualified to participate under this subchapter if such institution, agency, or person undertakes to provide him such services.
 
 
 4
 42 U.S.C. Sec. 1395a. Home Health claims that Currie and MUSC violated Sec. 1395a by allegedly refusing to allow their patients to deal with Home Health and generally "steering" patients away from Home Health.
 
 
 5
 Conceding that no express right of action is granted by the statute, Home Health contends that the district court erred in concluding that as a provider of health services Home Health has no implied cause of action under Sec. 1395a. We have reviewed the various cases cited by Home Health in support of its contention and find them inapposite to the issue at hand. No case cited to us by Home Health or discovered through research persuades us that Home Health has an implied right of action under 42 U.S.C. Sec. 1395a, see Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and largely for the reasons articulated in the district court's well-considered opinions, we conclude that no such right exists. Home Health Services, Inc. v. Currie, 531 F.Supp. 476 (D.C.S.C.1982); Home Health Services, Inc. v. Medical Univ. of South Carolina, No. 79-1210-8 (D.C.S.C. Feb. 22, 1982) (unpublished).
 
 
 6
 Home Health also alleges on appeal that it has a cause of action against MUSC under 42 U.S.C. Secs. 1983 and 1985. This issue was neither directly argued below nor specifically decided by the district court, and we therefore doubt whether the issue may properly be considered by us on this appeal. However, assuming, arguendo, that this issue was properly raised below and implicitly decided by the district court, as Home Health contends, the conclusion that Home Health has no right of action against MUSC under 42 U.S.C. Sec. 1395a compels the conclusion that Home Health likewise has no cause of action under Secs. 1983 and 1985. Perry v. Housing Authority of City of Charleston, 664 F.2d 1210, 1217-18 (4 Cir.1981). Assuming for present purposes that MUSC acted under color of state law, Home Health's Sec. 1983 claim must fail as there was no violation either of the Constitution or any federal statute.
 
 
 7
 Accordingly, the judgments of the district court are affirmed.
 
 
 8
 AFFIRMED.