722 So.2d 147 (1998)
Bonita G. GREEN, Appellant,
v.
GLEN OAKS NURSING CENTER, a member of the MHCA Self-insurers' Fund, Appellee.
No. 96-CC-01022 COA.
Court of Appeals of Mississippi.
June 9, 1998.
Rehearing Denied September 17, 1998.
Certiorari Denied November 12, 1998.
*148 Rebecca C. Taylor, Wiggins, for Appellant.
Patrick S. Wooten, Ridgeland, for Appellee.
Before BRIDGES, C.J., and HERRING and SOUTHWICK, JJ.
HERRING, J., for the Court:
¶ 1. Bonita G. Green appeals to this Court from an order and judgment issued by the Circuit Court of George County, Mississippi, which denied her claim for workers' compensation benefits. The Appellant was assaulted and robbed on her way to work at the Glen Oaks Nursing Center by an unknown assailant, after which she was hospitalized. The Mississippi Workers' Compensation Commission awarded benefits to Green as a result of her injuries. However, the Circuit Court reversed the decision of the Commission, holding that the record contained insufficient evidence to allow a conclusion that Green's injuries arose out of her employment relationship. We disagree with the Circuit Court and therefore reverse and reinstate the findings of the Commission.

I. THE FACTS
¶ 2. The facts in this action are not in dispute. Bonita G. Green was a Licensed Practical Nurse who was employed by the Glen Oaks Nursing Center in Lucedale, Mississippi. Her hours of employment were from 11:00 P.M. to 7:00 A.M. She was required by her employer (1) to report for her work shift ten to twenty minutes early in order to facilitate an efficient shift change, and (2) to park in the rear or side parking lots of the Nursing Center building in order to allow parking in the front of the building for visitors.
¶ 3. Green arrived for work on the evening of July 29, 1993, at approximately 10:35 P.M. and parked her vehicle in her usual parking space in the rear parking lot of the Nursing Center, all in accordance with her employer's instructions. Her parking space was located twenty-five to thirty feet from the back door of the building.
¶ 4. When Green got out of her vehicle, she was accosted by a man with a handgun who demanded that she surrender her purse. When she did so, she was struck on the head with the handgun and fell to the ground. The unknown assailant then fled and was never apprehended. The Appellant was ultimately taken to a nearby hospital where she was hospitalized and required sutures to close the wound which she received to her head. The Nursing Center had employed no security guards to prevent such an occurrence.
¶ 5. After the attack on July 29, 1993, Green continued to receive treatment for headaches, anxiety, and vision problems. However, she returned to light duty work on September 24, 1993, and to regular duty with no restrictions on October 1, 1993. The Nursing Center denied that the assault suffered by Green was a compensable incident.
¶ 6. Green filed her petition to controvert with the Mississippi Workers' Compensation Commission on June 22, 1994, and at the hearing on June 14, 1995, before the Commission's Administrative Judge, sought only medical and temporary total disability benefits. The Administrative Judge awarded temporary total disability benefits to Green in the amount of $217.95 per week from July 29, 1993, until September 30, 1993, with penalties of ten percent for each installment not timely paid, as authorized by section 71-3-37 of the Mississippi Code Annotated (Supp. 1990). In addition, Green's employer was required to pay for all reasonable and necessary medical services and supplies "as the nature of the claimant's injury or the process of her recovery may require as provided by section 71-3-15 of the Mississippi Code Annotated (1972)."
¶ 7. On appeal, the Mississippi Workers' Compensation Commission affirmed the order of the Administrative Judge without additional comment. On August 8, 1996, the *149 Circuit Court of George County, Mississippi, reversed the Commission's ruling by stating:
In the present case the record is devoid of any evidence to link this unfortunate incident to her employment at Glen Oaks other than the fact that the claimant happened to be at work when it occurred. The evidence in the record is not substantial enough to support the award of benefits. It is therefore Ordered that the decision awarding benefits to the claimant be reversed and judgment rendered denying all worker's compensation benefits to the claimant herein.
Thereafter, Green perfected her appeal to this Court.

II. THE ISSUE
¶ 8. Green presents us with one issue to consider, which is taken verbatim from her brief.

WHETHER THE LOWER COURT ERRED IN DENYING BENEFITS TO THE CLAIMANT, BONITA G. GREEN, FOR A WORK RELATED INJURY WHICH OCCURRED AT HER WORKPLACE WHEN MS. GREEN WAS DOING AS SHE HAD BEEN DIRECTED TO DO AS A CONDITION OF HER EMPLOYMENT WITH THE GLEN OAKS NURSING CENTER.

III. ANALYSIS
¶ 9. An appellate court's standard of review of workers' compensation cases is well settled:
If the Commission's findings of fact and order are supported by substantial evidence, then we are bound by them even though we as fact finder would have been convinced otherwise.... We will exercise de novo review on matters of law.
Spann v. Wal-Mart Stores, Inc., 700 So.2d 308, 311 (Miss.1997). Pursuant to section 71-3-7 of the Mississippi Code Annotated (Supp.1990), an employer is required to compensate an employee for any disability as a result of an injury "arising out of and in the course of employment." A compensable injury includes "an injury caused by the willful act of a third person directed against an employee because of his employment while so employed and working on the job...." Id., § 71-3-3 (Supp.1991). In the past, our supreme court has ruled that a case such as this presents a question of fact for the Mississippi Workers' Compensation Commission as to whether the employee was assaulted because of her employment and while employed and working on the job. Barry v. Sanders, 211 Miss. 656, 661, 52 So.2d 493, 495 (1951). On the other hand, our supreme court has also held that where, as in this case, there is no dispute as to the facts of a case, the issues to be decided become questions of law. Wilson v. International Paper Co., 235 Miss. 153, 157, 108 So.2d 554, 555 (1959); Dependents of Roberts' v. Holiday Parks, Inc., 260 So.2d 476, 479 (Miss.1972). We will review this case de novo.
¶ 10. This action involves injuries suffered by an employee which were caused by the intentional acts of an unknown third-party assailant. Our supreme court has stated "injuries caused by third party intentional torts should be compensated whenever it can be fairly said that they occurred `because of' the employment." Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888, 892 (Miss.1980). Big "2" analyzes the statutory language of section 71-3-7 ("arising out of and in the course of employment") and concludes that in order for a claim to be compensable, there must be some causal connection between the employment and the injury. This causation may be minimal or even "reasonably incidental" to the employment, including "such personal pursuits as cleaning teeth, smoking and procuring tobacco, and going to the telephone." Id. at 890 (citing Dunn, MISSISSIPPI WORKMEN'S COMPENSATION, § 178 (2d Ed.1967)). On the other hand, where the intentional tort is committed as the result of a personal vendetta, no causal connection exists, since such an act can as easily be committed in the workplace as anywhere else. See Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 636, 59 So.2d 294, 300 (1952) (where irate husband killed an employee laundry man, suspecting him to be his wife's paramour); Ellis v. Rose Oil Co., 190 So.2d 450 (Miss.1966) (where employee's death resulted from his affair with a married woman). As stated by our supreme court, "[r]isks associated with such escapades cannot *150 reasonably be viewed as risks associated with employment." Big "2" Engine Rebuilders, 379 So.2d at 891.
¶ 11. In the case sub judice, the injury sustained by the Appellant was work related. She was assaulted and robbed by an unknown assailant while following her employer's instructions to (1) arrive at work late at night and (2) to park in a secluded parking lot without security guards nearby to protect her as she got out of her vehicle. See also Williams v. Munford, Inc., 683 F.2d 938, 939 (5th Cir.1982), wherein the United States Court of Appeals for the Fifth Circuit applied Mississippi law in denying relief to a rape victim seeking to sue her employer by holding that the victim's sole and exclusive remedy was a claim pursuant to Mississippi's Workers' Compensation Act. In its ruling, the Fifth Circuit quoted Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 55 So.2d 381, 392 (1951), which stated that "[a]ll that is required is that the `obligations or conditions' of employment create a `zone of special danger' out of which the injury arose." Williams, 683 F.2d 938, 939. In other words, "The general rule that emerges ... is that an employer's liability under the Act is not determined by the type of tort inflicted upon an employee but rather is determined by whether the injury arose as a result of a risk created by employment conditions." Id. at 939. In the case sub judice, there can be no doubt that the injury to Green arose as a result of a risk created by employment conditions. Moreover, the Mississippi Supreme Court has consistently ruled that doubtful cases must be resolved in favor of compensation in order to satisfy the beneficial purposes of the Mississippi Workers' Compensation Act. Marshall Durbin Companies v. Warren, 633 So.2d 1006, 1010 (Miss.1994). Thus, we rule that the Appellant's claim in this case is compensable.
¶ 12. In their briefs, the parties also debate whether or not Green's claim is compensable as an exception to the "Going and Coming Rule" mentioned in Stepney v. Ingalls Shipbuilding Division, Litton Systems, Inc., 416 So.2d 963 (Miss.1982); and later in Ingalls Shipbuilding Division, Litton Systems, Inc. v. Dependents of Sloane, 480 So.2d 1117 (Miss.1985). As stated in both cases, the general rule is "hazards encountered by employees while going to or returning from their regular place of work or of the employer's premises are not incident to employment and accidents arising therefrom are not compensable." Ingalls Shipbuilding Division, Litton Systems, Inc. v. Dependents of Sloane, 480 So.2d at 1118. We rule that the "Going and Coming" rule does not apply in this case and that Green was "on the job" and on the premises of her employer when her injury occurred. As stated by the textwriter, "[a]s to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours ... are compensable." (emphasis added). Larson's Workers' Compensation Law, § 15.00. Practically all jurisdictions now consider parking lots maintained by an employer for its employees as a part of the work premises. Id. at § 15.42(a). In the present case, Green's injury occurred in a secluded and unattended parking lot furnished by the employer to employees as a required parking area late at night. We conclude that (1) the general "Going and Coming" rule does not apply in this case; that (2) the injury sustained by the Appellant was causally connected to her employment; (3) the injury occurred on the claimant's work premises; and (4) Green's injury is traceable to the fact that she was required to report to work under conditions that increased the risk of being subjected to just such an assault. Thus, her claim for workers' compensation should be granted and the ruling of the Mississippi Workers' Compensation Commission reinstated.
¶ 13. THE JUDGMENT OF THE GEORGE COUNTY CIRCUIT COURT IS REVERSED AND THE RULING OF THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION IN FAVOR OF COMPENSATION IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE, and SOUTHWICK, JJ., concur.