911 So.2d 985 (2005)
SANDERSON FARMS, INC, A Self-insured, Appellant
v.
Oliver JACKSON, Appellee.
No. 2004-WC-01408-COA.
Court of Appeals of Mississippi.
September 27, 2005.
*987 Ryan Jeffrey Mitchell, Richard O. Burson, Laurel, attorneys for appellant.
Edwin L. Bean, Jr., McComb, attorney for appellee.
Before KING, C.J., MYERS and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Oliver Jackson was injured in an assault by a co-employee while working at Sanderson Farms, Inc. The Workers' Compensation Commission denied benefits to Jackson upon a finding that the assault upon Jackson did not arise out of his employment. Jackson appealed, and the Circuit Court of Pike County reversed the decision of the Commission. Sanderson Farms and the carrier appeal and argue that the Commission's decision should be reinstated.
¶ 2. We hold that the Commission correctly applied the law and that its decision was supported by substantial evidence. Therefore, we reverse the decision of the circuit court and reinstate that of the Commission.

FACTS
¶ 3. Jackson worked at Sanderson Farms's chicken processing plant as a night shift worker in the outgoing shipping department. Dennis Allen also worked at the plant and was acquainted with Jackson. At the plant at approximately 4:30 p.m. on December 15, 2000, Jackson and Allen exchanged cross words concerning a ten dollar loan which Jackson had made to Allen on a previous occasion. Jackson stated that, when he approached Allen *988 about repayment of the loan, Allen began "talking all crazy talking about what all he gone do to me." Both Jackson and Allen reported their encounter to Allen Coney, a supervisor. However, Coney took no action.
¶ 4. At about 12:15 a.m., Jackson entered the company break room to talk to his wife, who also worked at the plant. When Jackson stepped out of the break room, he was struck in the back of the head with a two-by-four board wielded by Allen. Jackson was transported to Southwest Mississippi Regional Medical Center, where he was diagnosed with a skull fracture and large lacerations on his right scalp and left ear. Later that day, Jackson was transferred to St. Dominic/Jackson Memorial Hospital, where neurosurgeon Dr. Howard Holliday diagnosed him with a minor closed head injury, a left temporal basilar skull fracture, and a right scalp laceration. Due to these injuries, Jackson remained hospitalized until December 19, 2000.
¶ 5. Upon his release from the hospital, Jackson was referred to an ear specialist, who diagnosed Jackson with a basilar skull fracture on the left side with corresponding facial paralysis. The specialist also noted that Jackson suffered from bilateral hearing loss. An otoacoustic omission test revealed that Jackson's right inner ear was not functioning properly. However, the ear specialist could not causally connect Jackson's right-sided hearing loss with the assault by Allen. On January 16, 2001, Dr. Holliday placed Jackson in a light or sedentary work category. On March 22, 2001, Dr. Holliday placed Jackson at maximum medical improvement from a neurosurgical standpoint and allowed him to return to work with no restrictions.
¶ 6. On May 8, 2001, Jackson filed a petition to controvert against Sanderson Farms and the carrier. Before the Commission, the parties stipulated that the dispute between Allen and Jackson concerned the ten dollar loan and was unrelated to Jackson's work at Sanderson Farms. After a hearing, an administrative law judge found that Jackson's injuries were not covered by the Mississippi Workers' Compensation Act because the assault was not work related. On October 22, 2003, the full Commission affirmed the decision of the administrative law judge. Jackson appealed, and the circuit court reversed the Commission's decision. Sanderson Farms and the carrier appeal.

STANDARD OF REVIEW
¶ 7. This Court's review of decisions of the Workers' Compensation Commission is limited by the familiar substantial evidence standard. Nettles v. Gulf City Fisheries, Inc., 629 So.2d 554, 557 (Miss.1993). Applying this standard, we will reverse a decision of the Commission if the decision was not supported by substantial evidence and was arbitrary and capricious. Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778 (¶ 6) (Miss.2003). Additionally, we will reverse if the Commission's decision rested upon an erroneous application of the law. Id.

LAW AND ANALYSIS

I. WHETHER THE COMMISSION ERRED IN FINDING THAT JACKSON'S INJURIES WERE NOT WORK-RELATED AND, THEREFORE, WERE NOT COMPENSABLE UNDER THE MISSISSIPPI WORKERS' COMPENSATION ACT.
¶ 8. An employee is entitled to workers' compensation benefits for injuries "arising out of and in the course of employment." Miss.Code Ann. § 71-3-7 (Rev.2000). Compensable injuries include "an injury caused by the willful act of a third person directed against an employee *989 because of his employment while so employed and working on the job...." Miss.Code Ann. § 71-3-3(b) (Rev.2000). The term "third person" has been interpreted to signify either a stranger to the employer-employee relationship or a co-employee acting outside the scope and course of his employment. Miller v. McRae's, 444 So.2d 368, 371 (Miss.1984). This Court has held that an intentional assault by a co-worker is an act committed outside the scope and course of employment. Hawkins v. Treasure Bay Hotel & Casino, 813 So.2d 757, 759 (¶ 8) (Miss.Ct.App.2001). Therefore, Allen's assault upon Jackson constituted a "willful act of a third person."
¶ 9. An employee's injury caused by the willful act of a third person arises out of the employment and is compensable only if the willful act was "directed against [the] employee because of his employment." Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 634, 59 So.2d 294, 299 (1952). This requirement is met if there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. Green v. Glen Oaks Nursing Ctr., 722 So.2d 147, 149 (¶ 10) (Miss.Ct.App.1998). It has been stated that "the focus in such a situation should be on whether the injury resulted from `a risk created by employment conditions.'" Hawkins, 813 So.2d at 759(¶ 9) (quoting Green, 722 So.2d at 149 (¶ 11)).
¶ 10. Accordingly, for the purposes of workers' compensation, an assault upon an employee by a third person is work-connected if it "grows out of a quarrel whose subject matter is related to the work," such as an argument over the possession of tools used in the work or over the performance of the work. John Hancock Trucking Co. v. Walker, 243 Miss. 487, 494, 138 So.2d 478, 480 (1962). Also, an assault by a third person may be found to have arisen out of the employment if
the nature of the employment is such as naturally to invite an assault, or when the employee is exposed to an assault by the character of his work, as when he is protecting or in charge of his employer's property, and the assault naturally results because of the employment, and not because of something unconnected with it, so that it is a hazard or special risk of the work.
Brookhaven Steam Laundry, 214 Miss. at 635-36, 59 So.2d at 300. In this scenario, an injury from a third party's assault on an employee is compensable when the "nature of the employment carries the employee into a foreseeable zone of danger incident to the work." DUNN, MISSISSIPPI WORKMEN'S COMPENSATION § 162 (3d ed. 1982).
¶ 11. Thus, this Court has previously held that an employee was entitled to workers' compensation benefits for an injury sustained during a robbery that occurred in the employer's parking lot. Green, 722 So.2d at 150 (¶ 12). The Court found that the injury had arisen from the employment since the employer's requirements that the employee arrive at work late at night and park in a secluded parking lot created the risk of an assault. Id. at (¶ 11). Likewise, in Williams v. Munford Inc., 683 F.2d 938, 940 (5th Cir.1982), the Fifth Circuit held that a convenience store worker's rape was compensable because a "zone of risks," including a risk of rape, had been created by the employer's requirement that she work at night, in a high-crime area, and without the benefit of security devices or a weapon.
¶ 12. However, third party assaults that occur due to a purely personal vendetta or disagreement do not arise out of the employment. Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888, 891 *990 (Miss.1980). "If an intentional tort is committed as the result of a personal disagreement not arising from the workplace, there is no causal connection between the employment and the injuries `since such an act can as easily be committed in the workplace as anywhere else.'" Hawkins, 813 So.2d at 761 (¶ 17).
`[W]hen the assault is unconnected with the employment, or is for reasons personal to the assailant and the one assaulted, or is not because the relation of the employer and employee exists, and the employment is not the cause, though it may be the occasion of the wrongful act, and may give a convenient opportunity for its execution, it is ordinarily held that the injury does not arise out of the employment.'
Brookhaven Steam Laundry, 214 Miss. at 636, 59 So.2d at 300.
¶ 13. In Brookhaven, a laundry worker was shot and killed by a customer when the worker visited the customer's home to pick up dry cleaning. Id. at 630, 59 So.2d at 297. The evidence tended to show that the customer shot the worker because the worker was having an affair with the customer's wife. Id. at 635, 59 So.2d at 300. The Brookhaven court held that, though the laundry worker had been killed during the course of his employment, the death was not compensable because the proof showed that the worker's "death was caused by the willful act of a third person intent to injure him because of reasons personal to him, not because of his employment...." Id. at 640, 59 So.2d at 302. Relying upon Brookhaven, this Court in Hawkins found Hawkins' injury to be non-compensable because her stabbing was the result of a personal disagreement with a co-worker and because the stabbing occurred when Hawkins was temporarily absent from her job. Hawkins, 813 So.2d at 761 (¶ 18).
¶ 14. In the instant case, it is undisputed that the disagreement between Jackson and Allen was purely personal and not related to the employment. The parties stipulated before the Commission that the co-workers' disagreement was not related to Jackson's work at Sanderson Farms. Jackson's employment was merely the occasion of his injury, and did not inform his quarrel with Allen. Brookhaven Steam Laundry, 214 Miss. at 636, 59 So.2d at 300. Allen's assault upon Jackson was the culmination of a purely personal vendetta. Therefore, Allen's assault upon Jackson did not arise out of Jackson's employment with Sanderson Farms. Big "2" Engine Rebuilders, 379 So.2d at 891.
¶ 15. Jackson argues that a causal connection between his employment and his injury was established by evidence (1) that Allen had a prior conviction for armed violence which Sanderson Farms may have known about; (2) that, previously, Allen was suspended from work for horseplay or fighting; (3) that, on the day of the assault, Allen drove past the plant's security guard with a case of beer inside the vehicle; and (4) that Allen and Jackson both had notified their supervisor after having cross words on the day of the assault. Relying upon Green, Jackson argues that these facts established a "zone of special danger" out of which the assault upon Jackson arose.
¶ 16. This argument is unsupported by our precedent and rests upon a too attenuated connection between the conditions of Jackson's employment and the reason that Jackson was assaulted. The "zone of danger" cases focus on whether the employee's work environment naturally lent itself to an assault such that an assault could be said to be a special risk of the work, such as parking at night in a secluded lot or working in an unguarded convenience store during the night shift. Green, 722 *991 So.2d at 150 (¶ 12); Williams, 683 F.2d at 940. No such dangerous employment conditions existed at Sanderson Farms that would render an assault a natural or special risk of Jackson's employment. Rather, the risk to Jackson in this case arose solely from his personal disagreement with Allen concerning the ten dollar loan. Allen did not assault Jackson "because of [Jackson's] employment," but for reasons purely personal to Allen and Jackson. An injury from a third party assault that occurs due to a purely personal vendetta or disagreement does not arise out of the employment. Big "2" Engine Rebuilders, 379 So.2d at 891. Therefore, the Commission correctly held that Jackson's injury was not compensable, and we reverse the decision of the circuit court and reinstate that of the Commission.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS REVERSED AND THE DECISION OF THE WORKERS' COMPENSATION COMMISSION IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.